24453. GORMLEY, superintendent of banks, *v.* SEARCY.

SUTTON, J. "1. Where the special legislative charter of a bank which was granted on October 26, 1870, for a period of thirty years, and provided that the 'individual property of the stockholder at the time of suit shall be liable for the ultimate payment of the debts of the company in proportion to the amount of stock owned by each stockholder' (Ga. L. 1870, pp. 114, 115), was renewed by the secretary of State on October 24, 1900, in accordance with the laws of force at that time providing for the renewal of special legislative charters theretofore granted to banking companies (Ga. L. 1893, p. 88; Code of 1910, §§ 2193, 2194, 2195), with the same corporate powers and privileges as set out in the original act of incorporation, 'for the space of 30 years, as to all parts thereof not in conflict with the constitution and laws now or hereafter of force in this State,' the original provisions of such special charter as to the liability of its stockholders were not retained after such renewal, for the reason that the provisions of the special charter as to stockholders' liability were in conflict with the general law of force at that time (Acts 1893, p. 72 et seq.; Code of 1910, § 2270), and by the renewal of such charter the provisions of the existing general laws as to stockholders were adopted.

"2. Where a bank chartered by special legislative act in 1870 for thirty years (Acts 1870, p. 114) renewed its charter in March, 1900, for thirty years, as provided by the act of 1893 (Ga. L. 1893, p. 88; Code of 1910, §§ 2193 et seq.), authorizing the renewal of special bank charters, and again renewed its charter before its expiration in 1930, under existing laws providing for a renewal of special charters granted to banks by the General Assembly or by the secretary of State (Acts 1919, pp. 135, 172, 173, 174; Code of 1933, §§ 13-1101, 13-1106), such bank by thus renewing its charter in 1930 adopted the provisions of the banking act of 1919, supra, as to the liability of stockholders." *Gormley* v. *Searcy*, 182 *Ga.* 675 (186 S. E. 737).

3. Under the rulings of the Supreme Court in answer to the questions certified by this court, the judge did not err in overruling the demurrer of the superintendent of banks to the affidavit of illegality, and in entering judgment in favor of the defendant in execution.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 19, 1936.

*D. M. Parker,* assistant attorney-general, *J. W. Culpepper, N. F. Culpepper, Park & Strozier,* for plaintiff.

*Beck, Goodrich & Beck, Crenshaw & Hansell, Jones, Johnston, Russell & Sparks, Ryals, Anderson & Anderson,* for defendant.